1
2
3
4
5
6
7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MORREY SELCK,                              No.  2:21–cv–1500–MCE–KJN PS

12                     Plaintiff,                <u>FINDINGS AND RECOMMENDATIONS</u>

13          v.                                   (ECF No. 4)

14    VOLUNTEERS OF AMERICA, et al.,

15                     Defendants.

16

17          Plaintiff is proceeding in this action without counsel and in forma pauperis ("IFP").[1]

18    (ECF Nos. 2, 3.)  In screening the complaint pursuant to 28 U.S.C. § 1915, the undersigned

19    concluded that the complaint failed to state a valid claim for relief, and—after explaining the

20    problems with the complaint—granted plaintiff leave to file an amended complaint addressing

21    those deficiencies.  (ECF No. 3.)  On December 6, 2021, plaintiff filed a First Amended

22    Complaint ("FAC"), which is now before the court for re-screening.  (ECF No. 4.)  Because the

23    FAC does not cure the deficiencies previously identified, the undersigned recommends

24    dismissing the case for failure to state a claim.

25    ///

26    ///

27

28
---
[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to
E.D. Cal. L.R. 302(c)(21).  <u>See</u> 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

### Legal Standards

2          Under the IFP statute, the court must screen the complaint and dismiss any claims that are

3    "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary

4    relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  Further, the federal court has an

5    independent duty to ensure it has subject matter jurisdiction in the case.  See United Investors

6    Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

7          A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient

8    facts to allege a cognizable legal theory.  Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir.

9    2015).  To avoid dismissal for failure to state a claim, a complaint must contain more than "naked

10   assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of

11   action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

12   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

13   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, relief

14   cannot be granted for a claim that lacks facial plausibility.  Twombly, 550 U.S. at 570.  "A claim

15   has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

16   reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at

17   678.  When considering whether a complaint states a claim upon which relief can be granted, the

18   court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94

19   (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v.

20   Allain, 478 U.S. 265, 283 (1986).

21         In addition, the court must dismiss a case if, at any time, it determines that it lacks subject

22   matter jurisdiction. Fed. R. Civ. P. 12(h)(3).  A federal district court generally has jurisdiction

23   over a civil action when (1) a federal question is presented in an action "arising under the

24   Constitution, laws, or treaties of the United States" or (2) there is complete diversity of

25   citizenship between the parties and the amount in controversy exceeds $75,000.  See 28 U.S.C.

26   §§ 1331, 1332(a).

27         Pleadings by self-represented litigants are liberally construed.  See Haines v. Kerner, 404

28   U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

1    Unless it is clear that no amendment can cure the defects of a complaint, a self-represented

2    plaintiff proceeding IFP is ordinarily entitled to notice and an opportunity to amend before

3    dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other

4    grounds by statute as stated in Lopez, 203 F.3d 1122; Franklin v. Murphy, 745 F.2d 1221, 1230

5    (9th Cir. 1984).  Nevertheless, leave to amend need not be granted when further amendment

6    would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

7         **Analysis**

8         In screening the original complaint, the undersigned concluded that plaintiff failed to

9    provide a basis for this court's jurisdiction by both failing to state a valid federal cause of action

10   and not establishing the availability of diversity jurisdiction in this case.  (ECF No. 3 at 6-10.)

11   Although the FAC appears to somewhat narrow the factual bases for plaintiff's suit, it still fails to

12   plead any valid federal claim or to show diversity jurisdiction.

13        Plaintiff is primarily seeking the restoration of his eligibility for housing assistance

14   through the HUD-Veterans Affairs Supportive Housing (HUD-VASH) program, which combines

15   HUD's Housing Choice Voucher rental assistance for homeless veterans with case management

16   and clinical services provided by the Department of Veterans Affairs ("VA").  (See ECF No. 4

17   at 3, 6-7.)  It appears that plaintiff had been receiving such housing assistance from the defendant

18   non-profit organization Volunteers of America ("VOA") but was "unlawfully evicted" and had

19   his housing benefits revoked after he was falsely accused of possessing a stolen firearm.  (Id. at 2,

20   5.)  Although plaintiff does not expressly identify the defendants in the FAC, based on the parties

21   named in the original complaint, he appears to still be suing various VOA staff members and

22   owners of the hotels where he was previously residing—accusing them of various criminal and

23   otherwise inappropriate activities.  (Id. at 1-2, 4-5, 9-10.)  Plaintiff also continues to allege that a

24   VOA contractor named Herbert Haines illegally issued and/or re-routed checks from plaintiff's

25   bank accounts while plaintiff was on probation, causing a "criminal" level of credit damage.  (Id.

26   at 2, 6, 8, 10.)  Plaintiff requests that various evidence related to these claims be submitted to the

27   court and that the VA and other federal authorities investigate the HUD-VASH care facilities in

28   question.

3

1    Contrary to the court's previous instruction, the FAC once again does not list the causes of

2    action being asserted.  However, nearly all of the federal laws referenced are provisions of the

3    federal criminal code, found in Title 18.  As the court previously informed plaintiff, he (a private

4    citizen) has no authority to bring claims under criminal statutes.  See Allen v. Gold Country

5    Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal

6    statutes).  Whatever "crimes" the named defendants may have been committing, they do not

7    provide a basis for the court's jurisdiction over plaintiff's civil suit.  (See ECF No. 4 at 9

8    (asserting commission of "crimes against the US Government").)

9    Plaintiff argues that "jurisdiction exists to clarify County Officer[]s acting as the State in

10   misstating facts to VA authorities to hinder VA federal benefits from plaintiff while on

11   probation."  (Id. at 8.)  However, plaintiff provides no basis to infer a federal cause of action

12   regarding such misstatements.  Again, his citations to the criminal code are unavailing.  (Id. at 7.)

13   He also provides no facts to support his conclusory allegation that individual VOA staff members

14   were state actors when they allegedly misreported plaintiff's conduct to police deputies, as would

15   be necessary to state a claim against private persons under 42 U.S.C. § 1983.  (Id. at 6-7.)  See

16   Solomon v. Las Vegas Metro. Police Dep't, 441 F. Supp. 3d 1090, 1098-99 (D. Nev. 2020)

17   (discussing public-function and joint-actor tests for finding § 1983 state action; noting that

18   "merely complaining to the police" does not amount to joint action).

19   Otherwise, plaintiff only references Section 1983 in connection with his claims that

20   general crimes were committed against the U.S. government and in an apparent attempt to

21   withdraw his guilty plea entered in a prior state conviction.  (Id. at 9.)  Section 1983 is not a

22   proper basis for either claim.

23   In the prior screening order, the court laid out in detail how plaintiff might properly assert

24   a Section 1983 claim and warned that failure to follow the parameters explained "will result in a

25   recommendation to dismiss the section 1983 claims, likely without further leave to amend."

26   (ECF No. 3 at 8.)  Still, plaintiff again fails to adequately plead any claim under Section 1983.

27   In the absence of a federal cause of action, the only other basis for this court to exercise

28   jurisdiction would be if all parties had diverse states of citizenship and the matter in controversy

4

1  exceeded $75,000.  See 28 U.S.C. § 1332(a); Bautista v. Pan American World Airlines, Inc., 828

2  F.2d 546, 552 (9th Cir. 1987).  The FAC indicates that plaintiff resides in California (ECF No. 4

3  at 1), but it does not allege the state citizenship of any defendant.  It is plaintiff's burden to

4  demonstrate that diversity of citizenship is present, and in any event the addresses listed in the

5  original complaint and the California location of the hotels where plaintiff's alleged injuries

6  occurred indicate that all defendants reside in California as well.  (See ECF No. 1 at 2-3.)  Thus,

7  the court lacks jurisdiction over whatever non-federal claims plaintiff might be asserting against

8  defendants, such as conversion of his bank accounts or other personal injury claims.

9      Because the FAC largely repleads allegations that the court already found insufficient, and

10  fails to meaningfully incorporate the court's instructions for amendment, the undersigned

11  recommends dismissing this case without further leave to amend.  See Cahill, 80 F.3d at 339 (no

12  leave to amend where amendment would be futile).

13                          **RECOMMENDATIONS**

14      Accordingly, IT IS HEREBY RECOMMENDED that:

15  1.  This action be DISMISSED for failure to state a claim, under 28 U.S.C. § 1915(e)(2);

16      and

17  2.  The Clerk of Court be directed to CLOSE this case.

18      These findings and recommendations are submitted to the United States District Judge

19  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

20  days after being served with these findings and recommendations, plaintiff may file written

21  objections with the court.  Such a document should be captioned "Objections to Magistrate

22  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within

23  the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan,

24  158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

25  Dated:  January 18, 2022

26

27                              KENDALL J. NEWMAN
                                UNITED STATES MAGISTRATE JUDGE

selc.1500

28

5